**BAETICH v. HOBBY.**
**No. 173, Docket 22939.**

United States Court of Appeals,
Second Circuit.

Argued March 3, 1954.
Decided April 23, 1954.

ported by his son. In July, 1949, it was believed that the daughter because of her illness had only four months to live but by subjecting herself to what was then unorthodox treatment, her life was prolonged until September, 1951—some 27 months later.

Thereafter plaintiff applied for the benefits flowing to him as a parent who had received at least one-half of his support from the deceased daughter as a fully insured individual under the Social Security Act, 42 U.S.C.A. § 301 et seq., and specifically Sec. 402(h) thereof. The portion of the section just cited, which is relevant here reads as follows:

"Every parent * * * of an individual who died a fully insured individual * * * (who) * * was receiving at least one-half of his support from such individual at the time of such individual's death * * * shall be entitled to a parent's insurance benefit * * *."

This application was denied by the Federal Security Agency (the predecessor agency of the Department of Health, Education and Welfare) and on appeal to a referee of the Social Security Administration was also denied on the ground that the daughter was not contributing to the support of the plaintiff "at the time of" her death. A request for a review by the Appeals Council of the Social Security Administration, Federal Security Agency, was refused, whereupon plaintiff instituted this action in the District Court, agreeable to 42 U.S.C.A. § 405(c)(8) and (g). The District Court granted the plaintiff's motion for judgment on the pleadings and entered judgment accordingly, thereby sustaining the plaintiff's application.

Gainsburg, Gottlieb, Levitan & Cole, Samuel Gottlieb, New York City (Emanuel Baetich and Harry Giesow, New York City, of counsel), for plaintiff-appellee.

Warren E. Burger, Asst. Atty. Gen., Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Samuel D. Slade, and John G. Roberts, Washington, D. C., Attys., Dept. of Justice, for defendant-appellant.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

The uncontroverted facts in this case and its history can be stated briefly. The plaintiff's daughter became stricken by cancer in July, 1949 and died approximately 27 months later in September 1951. Up to the time of her illness, the daughter had long contributed more than one-half of the plaintiff's support and thereafter the plaintiff has been sup-

There was no administrative regulation in force at the time of the daughter's death, and so far as we are aware none has since been promulgated, which purported to define the statutory condition "at the time of such individual's death" imposed by 42 U.S.C.A. § 402(h). However there was a regulation, 20 C.F.R. 404, 720, which, under the caption

"Evidence of receipt of support by parent," required the parental applicant to list, for a period of at least one year preceding death of the wage-earner, all the items of contributions to the parent's support by the wage-earner together with all detail as to the parent's income from other sources. Its obvious purpose was to obtain a factual background from which to determine whether the statutory condition had been satisfied in the particular case. By requiring information covering the preceding year it did not purport to preclude the Administrator from looking further into the past: nor did it purport to define the statutory phrase "at time of—death" as meaning for every case at any time within the year preceding death. At most, it imported official recognition of the sensible view that not in every case can the statutory words be taken literally and that therefore at least the minimal information and background prescribed by the regulation was needed for administrative decision of the question whether a particular case met the substance of the statutory condition.

We therefore agree with the contention advanced by appellant that the referee of the agency was not accurate when, in his memorandum of decision, he said, apparently referring to the regulation just discussed, that Social Security Administration "has interpreted the phrase * * * to mean the period of approximately one year prior to the wage earner's death." At least he was not accurate if he meant that every case in which the wage earner furnishes the required support at any time within the year of death, the benefits attach; otherwise not. Perhaps it was because of this misconception that the judge below erroneously thought, as his memorandum attests, that the statutory definition was sufficiently flexible to permit the result to depend upon such considerations as (1) the commendable conduct of the plaintiff's son who upon his sister's illness, not only took over from her the burden of parental support (which after all was his legal duty) but also expended large sums to prolong his sister's life, and (2) the sister's courage in submitting to the drastic treatment which prolonged her life and thereby weakened the plaintiff's claim of dependence upon her up to the time of her death.

Although such considerations are not germane, we agree that the act has great flexibility. But we think its reach can only be pricked out by decisions in individual cases, each presented on its own facts. Its proper scope received some definition in an opinion by Judge Lindley, Stephens v. Federal Security Administrator, D.C.E.D.Ill. 1949, 121 F.Supp. 120. It was there held that the beneficiary's entitlement to benefits depended "on the existence or non-existence of an economic relationship which has been terminated by the death of the wage earner." With this we agree. In the Stephens case it was held that the beneficiary was not entitled to benefits because for fifty days prior to the wage earner's death (there the child beneficiary's natural father) there had come into existence an economic relationship of dependency on a step-father which superseded the existence of such a relationship with the natural father.

And so on the facts presented here, we hold that the dependency of the plaintiff on his son for the major part of his support for the twenty-seven months preceding the death of the daughter-wage-earner, created an economic relationship between the plaintiff and his son which had superseded his dependency on the daughter. It follows that the plaintiff under the Act was not entitled to the benefits applied for.

Judgment reversed and case remanded with instructions (1) to vacate the order granting plaintiff's motion and (2) to grant defendant's motion for summary judgment and enter a judgment dismissing the complaint.