Wilhelmina MOCOGNI on Behalf of Philip H. LYONS, Joseph W. Lyons and Florence Lyons,

v.

Oveta Culp HOBBY, Secretary, Department of Health, Education and Welfare of the United States.

Civ. No. 1648.

United States District Court, D. Rhode Island.

Nov. 30, 1954.

William R. Goldberg, Pawtucket, R. I., for plaintiff.

Jacob S. Temkin, U. S. Dist. Atty., Henry R. DiMascolo, Asst. Dist. Atty., Providence R. I., for defendant.

DAY, District Judge.

This is an action brought pursuant to the provisions of section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g) wherein the plaintiff seeks a reversal of the decision of the Referee of the Appeals Council of the Social Security Administration that the plaintiff's children by a deceased insured are not entitled to child's insurance benefits under the Social Security Act, sec. 202(d), 42 U.S.C.A. § 402(d).

The record discloses that the plaintiff and Philip H. Lyons, the deceased insured, were married on April 15, 1942; that she had formerly been married to Mr. Mocogni, her present husband, and one child, a daughter, had been born of that marriage; that three children were born of plaintiff's marriage to the decedent; that plaintiff's marriage to the decedent was terminated by divorce in June, 1946; that the divorce decree granted custody of the children to the plaintiff but ordered the decedent to pay $20 per week for the support of his minor children; that such payments were made fairly regularly until the end of 1949 after which time only an occasional payment was made, the last payment being received by the plaintiff in April, 1950; that attempts by the plaintiff to force decedent to comply with the Court support order disclosed that he was suffering with what turned out to be a terminal illness and that therefore no further action was taken by the

plaintiff prior to his death on February 28, 1953; that plaintiff had remarried her first and present husband, Mr. Mocogni, in June of 1948 and that since that time the plaintiff, her husband, their daughter, and the three children born of her marriage to the decedent have made their home together.

It also appears that the income of plaintiff's present husband was, at Mr. Lyons' death, insufficient to meet the family's current expenses; that some time in 1950 she applied to the local welfare authorities for assistance for the claimant children but since her husband refused at that time to sign a statement to the effect that he was unwilling to support the children, the application was dropped; that again, in 1953, about the time of the deceased wage earner's death, the plaintiff filed an application with the local authorities for assistance for the children; that this application was being processed at the time of Mr. Lyons' death and that the claimant, believing Social Security benefits would be forthcoming, based on Mr. Lyons' wage record, withdrew her application; that, aside from occasional gifts to the children from their grandmother and aunt, the earnings of Mr. Mocogni were the only source of support for the children of the decedent during the period from April, 1950 to the time of the wage earner's death on February 28, 1953.

On March 2, 1953, Mrs. Macogni filed a claim under Title II of the Social Security Act on behalf of the three children born of her marriage to the deceased wage earner. This claim was disallowed by the Bureau of Old Age and Survivors Insurance because of its determination that the children were not dependent upon their father at the time of their father's death. The plaintiff then requested and obtained a hearing before a Referee of the Social Security Administration. This hearing was held October 14, 1953, and on October 27, 1953, the Referee decided that the children were "not entitled to child's insurance benefits for which application was filed in their behalf." The Appeals Council having denied plaintiff's request for a review of the Referee's decision, the plaintiff filed this action on behalf of the children.

The defendant has filed a motion for summary judgment in accordance with the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. alleging that on the undisputed facts defendant is entitled to judgment as a matter of law.

The question before this Court is whether section 202(d) of the Social Security Act, 42 U.S.C.A. § 402(d), precludes the payment of insurance benefits to children of a deceased wage earner who was divorced from their mother and who had contributed with fair regularity to the support of such children under a court order issued in conjunction with such divorce, but where such contributions had ceased approximately three years prior to the death of the father because of the incapacitating effect of his terminal illness and where during that entire period the children had resided with their mother who had remarried.

Section 202(d) (3) of the Act, 42 U.S.C.A. § 402(d) (3) provides that a child shall be deemed dependent upon his father at the time of his death "unless, at such time, such individual was not living with or contributing to the support of such child and—

\* \* \* \* \* \*

(C) such child was living with and was receiving more than one-half of his support from his stepfather."

■ In the instant case the father at the time of his death was not living with or contributing anything to the support of his children who were living with and being supported by their stepfather. In such a situation this Court is constrained to hold that the children were not dependent upon their father within the terms of said Act so as to be entitled to benefits based upon the latter's wages.

Counsel for the plaintiff argues that the statute is a remedial one and should

be liberally administered to effectuate the Congressional purpose. However, while a liberal interpretation of the Act should be adopted, such a policy would not warrant this Court's adopting a construction inconsistent with the plain language thereof. See Ewing v. Risher, 10 Cir., 1949, 176 F.2d 641.

 Counsel also contends that a denial of the claimed insurance benefits would be inequitable in that said children would thereby be deprived of protection which had been paid for by their father because of circumstances beyond their and his control. Unfortunately, the right of these children to benefits under this Act is not dependent upon any overt acts which they may have or may not have done, but rests entirely on the existence or non-existence of an economic relationship between the children and their father which has been terminated by the latter's death. In Stephens v. Federal Security Administrator, D.C. E.D.Ill.1949, 121 F.Supp. 120, wherein a similar factual situation was involved, the rule is well stated at page 123:

> "However, it was not his mother's remarriage that caused the disallowance of plaintiff's claim; it was the fact that his stepfather was supporting him at the time of his father's death that led to that result. A minor child's entitlement to benefits under the Act is not dependent on any overt acts he may or may not have done, but on the existence or non-existence of an economic relationship which has been terminated by the death of the wage earner. Here, at the time of the wage earner's death, the necessary relationship was lacking and plaintiff's claim was properly disallowed."

Similarly in the case of Baetich v. Hobby, 2 Cir., 1954, 212 F.2d 480, certiorari denied 1954, 75 S.Ct. 54, where the claimant had been dependent for more than one half of his support upon his daughter until she became stricken with a terminal illness resulting in her death twenty-seven months later, the Court held that the plaintiff was not entitled to parents' Social Security benefits under the Act because an economic relationship of dependency did not exist between the claimant and the deceased wage earner at the time of the latter's death.

In the present case, at the time of the decedent's death the necessary economic relationship was lacking and the claims of the plaintiff were properly disallowed. Defendant's motion for summary judgment is granted and the complaint is dismissed.