**Carrie R. SCHROEDER, Appellant,**

v.

**Oveta Culp HOBBY, Federal Security Administrator, Appellee.**

**No. 5055.**

United States Court of Appeals
Tenth Circuit.

May 19, 1955.

Margaret K. Dailey, Albuquerque, New Mexico, for appellant.

---

William W. Ross, Atty., Dept. of Justice, Washington, D. C. (Asst. Atty. Gen., Warren E. Burger, Paul F. Larrazola, U. S. Atty., Albuquerque, New Mexico, and Melvin Richter, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this case presents the question whether Carrie R. Schroeder is entitled to mother's insurance benefits under section 202(g) of the Social Security Act, as amended, 64 Stat. 477, 485, 42 U.S.C.A. § 402(g), which provides in presently pertinent part that every former wife divorced of an individual who died a fully or currently insured individual after 1939, if such former wife divorced (1) has not remarried, (2) is not entitled to widow's insurance benefit, (3) is not entitled to old-age insurance benefits, (4) has filed application for mother's insurance benefits, (5) at the time of filing such application has in her care a child of such individual entitled to a child's insurance benefit, and (6) in the case of a former wife divorced was receiving from such individual— pursuant to court order—at least one-half of her support at his death, shall be entitled to mother's insurance benefits as therein specified.

Carl H. Schroeder and Carrie R. Schroeder were husband and wife. They had one child, a daughter born in 1935. Carrie R. Schroeder instituted in the state court in New Mexico an action for divorce. In July, 1950, a final decree was entered in the case. At the time of the entry of such decree, property representing accumulation of the marriage consisted of a residence in Albuquerque, New Mexico, household furnishings in the residence, two insurance policies covering the life of the husband, and an automobile. One of the insurance policies was paid-up, and premiums were being paid on the other. Carrie R. Schroeder was named as one of the beneficiaries in both policies. The decree provided among other things that plaintiff be granted a divorce; that she be awarded the sole custody of the minor child; that the defendant should pay to plaintiff $100 per month as support for the child; that the defendant should continue to pay the premiums on the nonpaid-up insurance policy; and that the residence and household furnishings therein be set aside and granted to plaintiff as her sole and separate property in lieu of alimony. Title to the residential property and furnishings therein vested in Carrie R. Schroeder, and she and the daughter continued to reside there. Carl H. Schroeder died in January, 1951. Intermediate the entry of the decree of divorce and his death, he made to Carrie R. Schroeder five monthly payments of $100 each for the support of the daughter. The sixth payment came due a few days prior to his death, but it was not paid. After entry of the divorce decree, Carl H. Schroeder did not make any contribution to Carrie R. Schroeder for her own support. At the time of his death, Carl H. Schroeder was a fully insured wage earner within the meaning of the Social Security Act. Carrie R. Schroeder applied for monthly mother's insurance benefits under section 202(g) of the Act, as amended. The Bureau of Old Age and Survivor's Insurance Social Security Administration denied the claim. Carrie R. Schroeder sought a hearing. A referee of the Social Security Administration conducted the hearing and later found that the applicant was not entitled to mother's insurance benefits. The Appeals Council affirmed. Carrie R. Schroeder then instituted this proceeding for review of the denial of her application or claim. After a hearing, the court referred the proceeding back to the Social Security Administration to take additional evidence relating to the question whether plaintiff's use and income derived from the community property which she received as her sole and separate property pursuant to the terms of the decree of divorce amounted to at least one-half of her support dur-

ing the period in question. On remand, a referee of the Social Security Administration took additional evidence. After reviewing the record, the Appeals Council found that the use and income derived from the property interest transferred to Carrie R. Schroeder under the decree did not amount to at least one-half of her support. After reviewing the transcript and order of the Council, the court dismissed the action with prejudice. The appeal is from that judgment.

The judgment dismissing the action is challenged on the ground that the substance and effect of the decree entered in the divorce action was to award to Carrie R. Schroeder the residential property together with the furnishings therein as alimony; that she rented rooms in the residence; that the income from the rentals constituted more than one-half of her support; that at the time of the death of Carl H. Schroeder, she thus was receiving from him pursuant to a court order at least one-half of her support; that she meets the other requirements of the statute; and that therefore she is entitled to mother's insurance benefits under the statute. A district court in New Mexico has power in a divorce action to award to the wife reasonable alimony in lump sum. Cassan v. Cassan, 27 N.M. 256, 199 P. 1010; Golden v. Golden, 41 N.M. 356, 68 P.2d 928. The decree in the divorce action recited that the residential property and furnishings therein were awarded to Carrie R. Schroeder as her sole and separate property in lieu of alimony. But it is obvious from the decree that its intent and purpose was to award to plaintiff the interest of the defendant in such property as a lump sum contribution to her support and maintenance and that it was the equivalent of alimony in lump sum. And at the time of the death of Carl H. Schroeder, Carrie R. Schroeder was using for her support the rental of two rooms in the residence.

The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted. But it is not the function of the courts to extend by judicial fiat the provisions of the act beyond their fixed limits. United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757.

The clear purpose and objective of section 202(g), supra, in its application to a case of this kind is to extend mother's benefits to a former wife divorced whose economic relationship to the insured wage earner was such that she sustained economic loss arising out of his death. Baetich v. Hobby, 2 Cir., 212 F.2d 480, certiorari denied 348 U.S. 831, 75 S.Ct. 54; Stephens v. Federal Security Administrator, D.C., 121 F. Supp. 120. The appellant owned the residential property and the furnishings therein at the time of the death of the insured wage earner. She was renting two rooms in the residence. And she was using the rentals for her own support and maintenance. But all of that continued without change or interruption after the death of the wage earner. After his death, she continued to be the owner of the property, continued to rent the rooms, and continued to use the rentals for her support and maintenance. The death of the wage earner did not cause any impact upon her economic condition in respect to such property or the income therefrom. The wage earner was not making and was not under legal obligation to make any other or further contribution to the support and maintenance of the appellant, either in installments or lump sum. The death of the wage earner did not bring about any change in the economic relationship existing between himself and appellant.

The monthly payments of $100 were terminated upon the death of the wage earner. But such payments were made for the support of the minor child. It appears from the record that appellant used all or a portion of the proceeds of such payments for the upkeep and maintenance of the household in which she

and the minor child lived. But the payments were ordered and made for the sole and exclusive support of the child —not appellant. And therefore their termination upon the death of the insured wage earner did not change the economic relationship existing between the wage earner and appellant, within the intent and meaning of section 202 (g), supra.

The judgment is affirmed.