**Anna STEEB, Plaintiff,**

v.

**Marion B. FOLSOM, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. No. 13744.**

United States District Court
E. D. New York.

April 26, 1956.

As Amended June 18, 1956.

Victor D. Borst, Jr., New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff seeks a review of the decision of the Social Security Administration, pursuant to 42 U.S.C.A. § 405(g), disallowing her application for Social Security benefits. The facts are not in dispute. The question involved is whether the plaintiff, the mother of the wage earner, "was receiving at least one-half of his (or her) support from the wage earner at the time of such individual's death", as provided in the statute, 42 U.S.C.A. § 402(h).

The plaintiff, Anna Steeb, is the mother of Elizabeth Stofft, the deceased wage earner. Until October 1949, the wage earner and her sister, Henrietta Steeb, had been contributing equally to the plaintiff's support, each contributing one-half. In October 1949, the wage earner became ill and thereafter was no longer able to continue the making of such contribution. From that time on Henrietta Steeb was plaintiff's sole source of support. The wage earner died on July 4, 1951, more than eighteen months after the time when she stopped contributing support to the plaintiff.

In the case of Baetich v. Hobby, 2 Cir., 212 F.2d 480, it appears that the plaintiff's daughter, the wage earner, because of illness was unable to contribute to her mother's support for a period of twenty-seven months prior to her (the wage earner's) death. The Court while holding that the plaintiff was not entitled to the benefits applied for also stated that the statute had great flexibility and that its reach, presumably meaning the area of such flexibility, can only be pieced out by decisions in individual cases, each presented upon its own facts. It was mentioned therein, as in like cases, that the basis of the benefits depends upon the existence or nonexistence of an economic relationship which has been terminated by the death of the wage earner. It is clear that the failure of the wage earner to contribute by reason of illness does not in and of itself warrant a waiver of the requirement of the statute that contributions must be made by the wage earner up to the time of his or her death for illness was the reason for stoppage of the payments in the Baetich case.

There is no ambiguity in the statute. It is plain that the "time of death" of the wage earner means on the date of her death.

It appears that the Social Security Administration has not insisted upon a strict interpretation of the Act in some cases wherein the particular facts and circumstances seemed to warrant it. The statute, however, does not empower the Court to disregard its terms.

Judgment for the defendant, dismissing the complaint.