Margaret ZUGG, as the natural mother and next friend of Rose M. Mingear, Margaret M. Mingear and Patsy Mingear

v.

Marion FOLSOM, Secretary of Department of Health, Education and Welfare.

Civ. No. 1735.

United States District Court
N. D. Indiana, Hammond Division
At Lafayette.
May 17, 1956.

Travis & Tinkham, Hammond, Ind., by Palmer Singleton, Jr., for plaintiff.

Edmund A. Schroer, Asst. U. S. Atty., Hammond, Ind., for defendant.

PARKINSON, District Judge.

This is a proceeding pursuant to 42 U.S.C.A. § 405(g) to review a decision of the referee, standing as the final administrative decision of the defendant after denial of request for review by the Appeals Council.

The issues are formed by a petition for review and answer containing a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.

By agreement of the parties, this cause was submitted to the court on the plead-

ings and the transcript of the record and it is the judgment of this court affirming, modifying, or reversing the decision of the referee, standing as the final administrative decision of the defendant, with or without remanding the cause for rehearing, which is now solicited.

As the findings of fact and conclusions of law will appear in this opinion it will be filed and will serve as such.

It is the contention of the petitioner that the referee's finding to the effect that the wage earner's failure to contribute in October and November, 1953, was due to the responsibilities assumed to another person is not supported by substantial evidence and the referee's decision is contrary to law because it fails to find that the stepfather, with whom the children were living, was furnishing more than one-half of their support and because the referee failed to consider the support rendered by the decedent wage earner during the entire period of the claimant's remarriage but limited the question of such support exclusively to the period immediately prior to his death.

The referee found that the decedent wage earner was making regular and substantial contributions to the support of the children up to some time in September, 1953, but that these contributions lapsed from then until his death on November 17, 1953; that the discontinuance of support was not due to inability to pay or any other circumstance beyond the wage earner's control but to the fact that he shouldered the expense of supporting another person, that is, the woman with whom he was living; that during the last six to ten weeks before the wage earner died the stepfather, who was already supplying the support of the children except for what the wage earner gave, assumed their complete support and *that the children were not dependent upon their father at the time of his death.*

The only conflict in the evidence is in the testimony of the claimant and the stepfather and the written statements of the claimant made prior to the hearing before the referee.

The facts are that the claimant and the natural father of the children, the deceased wage earner, were divorced June 5, 1953 and the father was ordered to pay $30 a week for the support of his children which he paid until August, 1953, with some degree of irregularity; that in September he gave the claimant $60 and bought some clothing for the children but did not contribute a penny in October or November, 1953; that the claimant married Mr. Zugg on July 3, 1953, and the children lived with the claimant and Mr. Zugg thereafter and were living with them at the time of the father's death; that Mr. Zugg was supporting the children after his marriage to the claimant and that the father figured after claimant's marriage to Mr. Zugg he didn't have to; that the father told the claimant that he got married in August, that he couldn't keep both families running since his remarriage, and moved from Hammond, Indiana, to the State of Illinois.

The referee found from the evidence before him that the children were not dependent upon their father at the time of his death. The core question for decision by this court is whether that finding is supported by substantial evidence.

The Social Security Act, 42 U.S.C.A. § 301 et seq., provides that a child shall be deemed dependent upon his father unless such child was living with and receiving more than one-half of his support from his stepfather at the time of the father's death.

The evidence is substantial that at the time of the father's death on November 17, 1953, the children were living with the stepfather and were receiving more than one-half of their support from the stepfather. Under the evidence before the referee it was clearly established by the claimant's own testimony that at the time of the father's death, the father was not living with or contributing to the support of the children, who were living with and being supported by the stepfather. Under such circumstances, the language of the Social Security Act would dictate a finding that the children

were not dependent upon their father so as to be entitled to any benefits thereunder.

The court is of the opinion that the contentions of the petitioner are without merit; that the findings of the referee are supported by more than substantial evidence, and that the decision of the referee, standing as the final administrative decision of the defendant, is not contrary to law and should be and is hereby affirmed.

The clerk will enter judgment accordingly.