Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Appellant,

v.

Ralph L. RHOADES, Appellee.

No. 18072.

United States Court of Appeals Fifth Circuit.

April 14, 1960.

Douglas A. Kahn, Samuel D. Slade, Attys., Dept. of Justice, Washington, D. C., Robert F. Nunez, Asst. U. S. Atty., Tampa, Fla., George Cochran Doub, Asst. Atty. Gen., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellant.

Phillip R. Kelley, Rogers and Kelley, Kissimmee, Fla., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The issue in this case is whether the proceeds from the sale of seven coal mining leases are includible in self employment income for purposes of computing benefits under the Social Security Act. 42 U.S.C.A. § 301 et seq.

The appellee, Ralph L. Rhoades, dealt in coal rights in Pennsylvania and Ohio. Rhoades never mined. Usually he subleased his coal rights, receiving thirty cents per ton of the coal produced. He paid the owners ten or twenty cents per ton. The profit that he made was reported on his federal income tax returns as "royalties".

In 1952 Rhoades sold his interest in seven leases to the sublessees. By a 1954 amendment to the contract of sale, Rhoades received $8,500 in 1954 and again in 1955. In computing Rhoades' income for 1955, the only year in question, the Bureau of Old-Age and Survivors Benefits excluded the $8,500 he had received in 1955 because it was derived from the sale of a capital asset.[1] The Bureau fixed Rhoades' total earnings during the applicable wage period at $2,635.99, resulting in a monthly benefit to him of $67.50. Inclusion of the $8,500 would increase considerably the amount of Rhoades' monthly benefits.

After exhausting the administrative remedies provided by the Social Security Act, Rhoades brought this action pursuant to Section 205(g), 42 U.S.C.A. § 405(g). The district judge held that "there was not substantial evidence upon the issue of intent of the claimant with respect to the particular leases in question to support the determination by the referee", and reversed the Secretary's affirmance of the referee's decision and remanded the case.

The facts are of critical importance. Whether the proceeds from the sale of the leases constituted ordinary income or a capital gain turns on considerations which depend on the facts. A careful consideration of the administrative record leads us to agree with the district judge that the underlying facts were not developed sufficiently for the Secretary or his delegate, or for the district court or this Court, to make proper and adequate findings for the correct determination of the case. The judgment of the court below sending the case back for further consideration is therefore affirmed.

---

1. The Social Security Act specifically excludes from computation of earnings all income derived from transactions which are treated as sales of a capital asset under the Internal Revenue Code. Section 211(a). Social Security Act, 42 U.S.C.A. § 411(a).