Wanda C. SPENCER, next friend and guardian ad litem of Carolyn N. Tucker, a minor, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. A. No. W–1991.

United States District Court
D. Kansas.

June 21, 1960.

Ray S. Schulz, Great Bend, Kan., Paul L. Aylward, Ellsworth, Kan., for plaintiff.

George E. Peabody, Asst. U. S. Atty., Wichita, Kan., for defendant.

HILL, Chief Judge.

In an action by plaintiff to review a decision of the referee of the defendant, both plaintiff and defendant have moved for summary judgment.

The referee's decision denied the plaintiff's application for a child's benefits, because Carolyn N. Tucker, on whose behalf this action is brought, was neither living with nor receiving half her support from William E. Spencer, her deceased stepfather, at the time of his death.

Section 202(d) (4) of the Social Security Act, 42 U.S.C.A. § 402(d) (4), provides that a child shall be deemed dependent upon his stepfather, at the time of the latter's death, if at such time the child was living with or receiving at least half his support from the stepfather. Section 202(d) (1) of the Act, 42 U.S.C.A. § 402(d) (1), makes such a dependency at such time a condition precedent to entitlement to child's insurance benefits on the earnings record of such stepfather.

■ The question here is whether the decision of the referee is supported by substantial evidence. This same finality (that extends to findings of fact) extends to inferences and conclusions from the evidence if a substantial basis is found for them. United States v. LaLone, 9 Cir., 152 F.2d 43, 44.

■ According to the record before the Court, the plaintiff, Wanda C. Spencer, natural mother and guardian of Carolyn N. Tucker, married the wage earner on July 29, 1953. The child had been born in 1947, and her natural parents divorced in 1947. The wage earner, the plaintiff's child, and the plaintiff, all resided together until February, 1958. On February 14, 1958, the wage earner was served with notice that the plaintiff had filed suit for a divorce against him, also with a temporary restraining order enjoining him from interfering with, molesting, bothering, or hindering the plaintiff or her child in any way. He left the home, a rented apartment, and the separation continued until his death by suicide one week later on February 21, 1958.

As previously indicated, in order for a child to be deemed dependent upon the wage earner, her stepfather, at the time of death, the child must have been living with the stepfather or receiving at least one-half of her support from the stepfather, as a prerequisite for receiving insurance benefits. The referee found the child not to be living with her stepfather at the time of his death.

The plaintiff argues that the deceased stepfather was still living with the plaintiff and child because his clothes were in the house, and that the plaintiff in her testimony stated that she might reconcile with her husband if he would change for the better. This is in opposition to the further testimony that it was the plaintiff's intention to go ahead with the divorce. I quite agree that no one can or could predict what the plaintiff's intention would be after the sixty day waiting period prior to the divorce hearing, but the best and only real evidence is her testimony that she was going to go ahead with the divorce. Further, the wage earner left the home, rented a room in a local hotel and remained away from the home until his death. The evidence is uncontroverted that the deceased left the household, and the conclusion is inescapable that the marriage relationship would not be continued. "Living with" has been defined as, "both members of the same household". Colbert v. Hobby, D.C., 130 F. Supp. 65, 66, 60 A.L.R.2d 1076, affirmed, Colbert v. Folsom, 2 Cir., 230 F.2d 846. There is no reason for this Court to substitute its finding for that of the referee, and the evidence is clear that the child was not living with the wage earner at the time of his death. The argument that the wage earner had been absent on prior occasions due to his work, etc., is immaterial as the statute is concerned with the relationship of the parties at the time of death, not some earlier time.

Since the statute is phrased in the disjunctive, the further question is whether the stepfather was contributing at least one-half of the child's support.

The respective contributions of the plaintiff and the wage earner are discussed extensively by the referee in his opinion and testimony in this regard comprises a large part of the record be-

fore the Court. The plaintiff argues that the referee erred in his finding that the total incomes are approximately equal. Plaintiff insists that the wage earner had a larger income and hence contributed at least one-half and shows in fact a larger contribution by the step-father.

█ I do not believe that a mere totalling up of the respective earnings in and of itself proves the amount of contributions by anyone. Certainly some consideration should be given to the respective incomes along with all other factors toward proving the contributions of each. However, this does not limit the referee from considering further into the past; nor do the cases purport to define the statutory phrase "at time of death" as meaning for every case at any time within the year preceding death. Baetich v. Hobby, 2 Cir., 212 F.2d 480, 481.

The referee was not only fair in considering the total incomes but gave the plaintiff every consideration in adopting the sensible view that all factors should be considered in determining whether the contributions of the stepfather were at least one-half of the child's support.

The statute requires an even more stringent application, since by its language it requires that these issues be determined as of the time of the death. Baetich v. Hobby, supra. In Stephens v. Federal Security Administrator, D.C., 121 F.Supp. 120, 123, it was held that the benefits depended "on the existence or non-existence of an economic relation-ship which [had] been terminated by the death of the wage earner." In the Stephens case it was held the beneficiary was not entitled to benefits because for fifty days prior to the wage earner's death (there the child beneficiary's natural father) there had come into existence an economic relationship of dependency on a stepfather. If a distinction is to be made upon the difference in time, here seven days rather than fifty, why not discard the language of the statute altogether and allow a plaintiff to establish entitlement because at some time before death a sufficient contribution was made.

█ I believe the existence of an economic relationship had terminated prior to death of the stepfather as for a week he had contributed nothing and the child was not dependent upon her stepfather for her support.

Even disregarding this view, lest it be too harsh, still, the referee had substantial basis for finding as a fact that the contributions of the stepfather were not one-half. He had the witnesses before him, he examined the evidence carefully, and his conclusion that in view of the admitted drinking habits of the step-father, he did not contribute one-half, is not so erroneous as to require a reversal by this Court.

It is, therefore, by the Court ordered that plaintiff's Motion For Summary Judgment be, and it hereby is, overruled, and defendant's Motion For Summary Judgment be, and it hereby is, sustained.