Hermina H. HUPP, on Behalf of Carol F. Hupp, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 885.

United States District Court
N. D. Iowa,
Central Division.

Nov. 28, 1962.

Donald P. Baird, Council Bluffs, Iowa, and Francis Fitzgibbons, Estherville, Iowa, for plaintiff.

Donald E. O'Brien, U. S. Atty., and James M. McNally, Asst. U. S. Atty., Sioux City, Iowa, for defendant.

HANSON, District Judge.

This action is predicated upon 42 U.S.C. § 402(d) (1) and (3). Section (d) says that every child of an individual entitled to old-age or disability insurance benefits, or if an individual who dies a fully or currently insured individual shall be entitled to child's benefits for each month, beginning with the first month after August 1950 in which such child becomes so entitled. Section (d) is qualified by (d) (1) (C) requiring the child to be dependent upon such individual at the time of the individual's death if such individual has died. Section (d) (3) (A) says that if the child is not legitimate child of such individual the child shall be deemed dependent upon his father at the time specified in (1) (C) unless, at such time, such individual was not living with or contributing to the support of such child.

It is not contended that the child was living with the father. It is not contended that the child was not the illegitimate child of the individual in question, Wayne G. Shafer. The issue is whether Wayne G. Shafer was contributing to the support of the child at the time of his death. The Hearing Examiner has determined this in the negative. The plaintiff suing for the child appealed to this Court from the decision of the Examiner. The Government has moved for summary judgment. The plaintiff has moved to have the cause remanded to the Examiner.

Bearing on the matter of support, there was some evidence that Shafer had paid $60.00 to $70.00 per year for the support of the child and that $150.00 remained from a lump sum settlement received from Shafer. The Examiner for the purpose of saying that the $60.00 to $70.00 per year would not amount to the support required by the statute assumed that this had been paid. The Examiner's only finding as to the $150.00 is that he did not believe that she had the money left during the period involved.

■ ■ Hupp seeks to have the case remanded because of new evidence to support the credibility of Hermina Hupp in order that the Examiner can believe her testimony concerning the $150.00. The test on remanding is whether more evi-

dence is necessary to develop the facts necessary to determine the cause. Flemming v. Rhoades, 276 F.2d 788 (5th Cir.) and Angell v. Flemming, 291 F.2d 72 (4th Cir.). A finding as to whether or not the $150.00 was in possession of Hermina Hupp is not necessary for the determination of the cause. It is not necessary, therefore, to further develop the facts upon which such a finding would be made. (Hermina Hupp is the person caring for the child and she claimed to have the $150.00 in her possession during the period involved to be used for the support of the child.) The lump sum is not considered support under the statutes because it does not tend to show a loss caused by the insured's death. Schroeder v. Hobby, 222 F.2d 713 (10th Cir.). The courts use a time of death test to determine if the child was being supported at the time of the death of the wage earner. Baetrich v. Hobby, 212 F.2d 480 (2nd Cir.); Zugg v. Folsom, D.C., 140 F.Supp. 806; Mocogni on Behalf of Lyons v. Hobby, D.C., 126 F.Supp. 472; Spencer v. Flemming, D.C., 188 F.Supp. 517; Dowell v. Folsom, D.C., 157 F.Supp. 46; Stephens v. Federal Security Administrator, D.C., 121 F.Supp. 120. It does not mean the instant of death and the act does not require the use of any specified period in the making of the determination. The test would not be predicated on how long before the death of the wage earner the last payment was made, but whether the payments had ceased before his death. In this case, there is no evidence of any likelihood that any additional money would be paid by Shafer when the lump sum was exhausted. That is, there was no evidence that the $60.00 to $70.00 per year, if paid at all, would be increased when the lump sum was exhausted. Therefore, it is concluded that the $150.00 did not tend to show that the death caused a loss to the child.

■ To determine whether the $60.00 to $70.00 constituted support under the statute, the Examiner used the regular and substantial test used in Carey v. Social Security Board, 62 F.Supp. 458 (D.C.1945). Unless this is the wrong test to use, or it was incorrectly applied, there is no reason to further develop the facts necessary to a finding of whether or not the $60.00 to $70.00 was paid.

The Examiner used the correct test. The only contrary authority is some dicta in Runge v. Fleming, 181 F.Supp. 224 (D.C.1960). There Judge Beck indicated that "some degree dependent on the contributions for support" is the test. This was not at issue in Runge, but the Court in Carey used similar language in explaining what substantial meant. The issue in Carey was different than the one in the present case. It was an action to recover for the child on the work record of the deceased mother. There could be no recovery on the mother's record if the father had been contributing to the support of the child. The court said that 25% was substantial and that the same test should be used in a case like the present one. In the present case, the Examiner thought that $30.00 per month ($360.00) would be necessary for the support of the child. This seems to be about the amount courts usually deem should be paid as support for a child. Mocogni on Behalf of Lyons v. Hobby, supra; Dowell v. Folsom, supra; Stephens v. Federal Security Administrator, supra.

Twenty-five per cent of $360.00 would be $90.00. The evidence shows $60.00 to $70.00 might have been paid.

■ The present case would seem to meet the regularity test used in Carey. The payments were sometimes two months apart, and an attorney was sometimes needed to get the payments. The evidence on this is on page 62 of the record. The evidence is conflicting but it could have been over two months since the last payment. The Examiner found that the $60.00 to $70.00 paid on an irregular basis was not the required regular and substantial support. This is a conclusion of law, not a finding of fact, but is correct. If the findings are based on substantial evidence they must stand. Social Security Board v. Warren, 142 F.2d 974, (8th Cir., 1944) and 42 U.S.C. § 405(g). Especially since it involved determining the credibility of the wit-

nesses. Larmay v. Hobby, D.C., 132 F.Supp. 738; Thurston v. Hobby, D.C., 133 F.Supp. 205.

Since the findings are based on substantial evidence, there are no issues of fact remaining. The Examiner correctly applied the law to these findings of fact and the motion for summary judgment should be granted affirming his decision.

It is, therefore, hereby ordered that motion for summary judgment is hereby granted and the motion to remand is hereby overruled.