**Darlene LUNA, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

**Civ.A.No. 78–C–760.**

United States District Court, E. D. Wisconsin.

Jan. 14, 1980.

Lise Lotte Gammeltoft, Legal Services of Northeastern Wis., Inc., Green Bay, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff Darlene Luna seeks judicial review of a final decision of the defendant Secretary of Health, Education, and Welfare ("Secretary"), affirming the denial of plaintiff's application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381, et seq. Both parties have moved for summary judgment. The court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g).

The only issue presented on review is whether there is substantial evidence to support the Secretary's determination that plaintiff is not disabled within the meaning of 42 U.S.C. § 1382c(a)(3). That section defines disability for purposes of determining eligibility for supplemental security income as follows:

"(3)(A) An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months * * *.

"(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *

"(C) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

The facts of the case are as follows. Plaintiff is a 43-year old female with a twelfth grade education. Her employment history consists of working as a knitting machine operator from 1961 to 1963 and as a housekeeper's helper during part of 1972.

In her application for supplemental security income benefits, plaintiff stated that she was disabled as a result of severe lower back pain and spinal arthritis. (Tr. at 36) She stated that she was unable to climb, lift, bend, stoop, stand, or sit for any period of time. (Tr. at 39)

Plaintiff's medical history is quite extensive. Prior to 1977, she underwent two laminectomies in which discs were removed from her lower back. Also prior to 1977, she underwent a hysterectomy and had both breasts removed because of cancer.

Plaintiff was admitted to Holy Family Hospital on April 25, 1977, because of lower back pain which radiated down through her left leg to the toes. (Tr. at 47) She was treated with bed rest, traction, medication, and physical therapy and was released on May 2, 1977. Examination at the hospital revealed a narrowing of the lumbosacral interval and evidence of degenerative spinal arthritis.

On October 30, 1977, plaintiff was hospitalized at Two Rivers Community Hospital because of severe back pains. (Tr. at 56–57) There was radiation of the pain down the right leg. She was again treated with bed rest, traction, and medication. At this time she was issued a lumbosacral corset.

Plaintiff was again hospitalized from February 22 to February 27, 1978. Again the reason for her hospitalization was a severe pain in her lower back which radiated down through her right thigh and leg. (Tr. at 65) Plaintiff's treating physician made a diagnosis of degenerative disc disease and recommended that a myelogram be performed. A myelogram was performed the following month and revealed a deformity of the subarachnoid space in the lower lumbar and lumbosacral area. (Tr. at 66–67)

Plaintiff was readmitted to the Two Rivers Community Hospital on April 27, 1978, again on account of the pain in her lower back. (Tr. at 76) At the time she was admitted, she was depressed and crying from the pain. She was treated with bed rest and medication and was discharged on April 29, 1978.

Plaintiff applied for supplemental security income on September 28, 1977. Her application was denied on the ground that she was able to perform light and sedentary work activities. (Tr. at 23–24) Her request for reconsideration was denied on the same ground. (Tr. at 28–29) Plaintiff then requested a hearing which was scheduled for May 15, 1978. Plaintiff, however, elected to waiver her right to appear at the hearing because of her medical condition. (Tr. at 14) Plaintiff was not represented by counsel at the time.

On May 30, 1978, the administrative law judge determined that plaintiff was not disabled within the meaning of 42 U.S.C. § 1382c(a)(3). While recognizing that plaintiff's activities have been limited by her physician, the administrative law judge nonetheless determined that these restrictions "are not so stringent as to preclude sedentary employment." Examples given by the administrative law judge included employment as a hotel clerk or as a telephone retail order clerk. Because such positions exist in significant numbers in the

national economy, the administrative law judge concluded that plaintiff could not be considered disabled for purposes of receiving supplemental security income benefits.

■ This Court must affirm the decision of the administrative law judge if there is "substantial evidence" to support the determination of noneligibility. 42 U.S.C. § 405(g); *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971). Substantial evidence has been defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), citing from *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Under this test, the Court cannot affirm the decision reached by the administrative law judge.

■ The evidence clearly shows that plaintiff has a serious back problem. She is in constant pain which four times in one year became so severe as to require hospitalization. Her treating physician is of the opinion that "[h]er only ability to do work is light housework with adequate rest between work periods." (Tr. at 52) Even her social activities are restricted because of her condition. (Tr. at 59)

The administrative law judge does not seem to have considered whether the pain experienced by plaintiff could keep her from holding even a sedentary job. The judge's findings of fact do not mention the extent or the effect of the pain, but instead focus solely on plaintiff's physical impairments. Indeed, it is difficult to understand how the administrative law judge could have made a finding with respect to the severity of the pain experienced by plaintiff since plaintiff waived her right to appear and testify.

■ In the opinion of this Court, it cannot be determined whether plaintiff is disabled until the severity of her pain has been assessed. Subjective pain, in and of itself, may be sufficient to establish disability under the Social Security Act. *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). While it is true that plaintiff did not avail herself of the opportunity to appear before the hearing examiner, she was motivated by the fact that she had just been released from the hospital and was under doctor's orders not to travel. Furthermore, it is apparent that plaintiff was not aware of the potential benefit of appearing on her own behalf as she was not represented by counsel at that time. Plaintiff is now so represented and seeks the opportunity to testify as to her physical pain and present further evidence of her deteriorating condition.

42 U.S.C. § 405(g) provides that "[t]he court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary." According to *Hupp v. Celebrezze*, 220 F.Supp. 463, 464–465 (N.D.Iowa 1962), the test for ordering remand "is whether more evidence is necessary to develop the facts necessary to determine the cause." As stated above, this case cannot be justly decided until the full extent of plaintiff's physical problems have been ascertained.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted, and the case is hereby remanded to defendant Secretary of Health, Education, and Welfare for the taking of additional evidence.