OPINION OF THE COURT
Martin Rodell, J.
By notice of motion the plaintiff has moved this court for an order striking out the defendant’s answer and directing the entry of summary judgment against the defendant.
This is an action to recover widow’s benefits which the plaintiff alleges she is entitled to under the Consolidated Edison Company of New York Employee Security Plan.
It appears that on February 20, 1932 the plaintiff was *747 married to Biaggio Pugliese. The plaintiff alleges that she remained married to him until the date of his death in November, 1969. From 1930 to 1962 the said Biaggio Pugliese was employed by the defendant. He was retired under a plan wherein because of his disability he was entitled to gross monthly payments of $180.14 until the date of his death. The plaintiff alleges that under the said plan she is entitled to receive widow’s benefits in the amount of $66.79 per month from the date of his death until her decease or remarriage. The defendant refutes this claim and, conceding that there are no issues of fact, asks for summary judgment dismissing the complaint.
The defendant states that at the time of Mr. Pugliese’s death he was a resident of Procido, Italy. It is further alleged that in 1956 Mr. Pugliese attained a Mexican divorce from the plaintiff and remarried. In 1961 the Supreme Court in the State of New York decreed that the divorce was annulled, and that the plaintiff was and still is the lawful wife (and widow) of said Pugliese. The defendant points out that the plaintiff admitted that Mr. Pugliese had left their domicile in 1941; had never resumed residence with his family; and never contributed to their support.
The Employee Security Plan in effect at the time of the death of Mr. Pugliese provided for benefits to be paid to the surviving widow of a retired employee, during her lifetime, if both the employee and the surviving widow met certain requirements set forth in the plan. The plan provided in substance that in order to qualify as the widow of a retired employee, the spouse must be "the lawful widow who was married to and living with such employee at the time of his retirement from the company and at the time of his death.” There appears to be no dispute that Mr. and Mrs. Pugliese were not living together either at the time of his retirement or at the time of his death. It appears that the parties had been separated for a period of 28 years prior to his decease.
The issue before the court is the validity of the provisions requiring that the widow must be living with the deceased at the time of his retirement and also at the time of his death. The plaintiff contends that this provision is vague, ambiguous and unconscionable. The defendant on the other hand alleges that the provision is reasonable and clearly and firmly founded in judicial precedent. The term "live with” in the context of survivor’s benefits has been construed in a number *748 of instances. The requirement is demanded by the Social Security Act for the payment of lump-sum death benefits.
In Colbert v Hobby (130 F Supp 65, affd 230 F2d 846), in affirming the determination of the Referee, who denied a lump-sum death benefit to a widow, the court pointed out that the widow had contended that it was never the intention of Congress that a wage earner by his voluntary unilateral misbehavior could deprive his widow of his legal benefits under the Social Security Act. It was her argument that a woman who was wrongfully abandoned must nevertheless be regarded as living with her husband under a rule deeply rooted in our system of law and that she is entitled to all of the benefits that evolve from the matrimonial status. The court rejected this argument and found that since the widow was not a member of the same household as her husband the benefits must be denied to her. In Spencer v Flemming (188 F Supp 517), the Social Security benefits were denied to a minor child of a deceased wage earner where the wage earner had left home and had lived separate and apart from his family for one week prior to his death. While the court did not accept such a harsh and unconscionable ruling, based upon that criteria a separation of 28 years could not be deemed to be totally unreasonable.
In Shore v Bell Tel. Co. (389 Pa 445) a surviving spouse challenged her benefits on the death of her husband. The plan of that particular company is similar to the one in the instant case in that there the separation of the parties was for a period of seven years, and in denying the benefits the court stated (p 450): "Under the language of the Plan it is clear as crystal that a wife who is not living with her husband at the time of his death, and has not been living with him for over seven years prior to his death, is not entitled to the maximum Sickness Death Benefits under the provisions of the Plan.”
The same effect was held in Long v Southwestern Bell Tel. Co. (442 SW2d 462 [Tex]) where the court recognized that a company’s obligation to pay death benefits is subject to the express conditions and limitations embodied in the plan.
While a denial of the benefits to the plaintiff would undoubtedly be harsh, the court is constrained to adhere to the judicial prevalents and finds that the provisions of the security plan are binding upon the parties. Any change must come from the Legislature.
*749 Summary judgment is granted to the defendant dismissing the complaint.