[No. 1666, August 31, 1914.]

ELLA TAYLOR, Appellee, vs. OSCAR C. TAYLOR, Appellant.

### SYLLABUS BY THE COURT.

1. Appellate courts possess inherent power to allow alimony, suit money and attorney fees pending an appeal, and may make such allowance as the circumstances warrant.

P. 385

Appeal from District Court, Luna County; Colin Neblett, Presiding Judge. Ordered to pay Alimony.

### Brief Of Appellant.

JAMES S. FIELDER, Deming, New Mexico.

Session Laws 1901, Chap. LXII, Sec. 22. Kind of neglect as basis for divorce. I N. H. 198. 9 Cal. 475. 42 Cal. 444. Carson v. Carson, 138 N. M. 1075, 43 L. R. A. N. S. 255. Van Born v. Arantes, 116 La. 130; Barret v. Barret, 131 S. W. 821; Johnson v. Johnson, 4 Wis., 125; Mandige v. Mandige, 15 Vt. 736; Caswell v. Caswell, 28 Atl. 988;

Freeman v. Freeman, 98 Me. App. 509, 63 S. W. 389; Hammond v. Hammond, 15 R. I. 40, 2 Ah. St. R. I. 40, 2 Am. St. R. 867, 23 Atl. 143; Stewart v. Stewart, 155 Mich. 421, 119 N. W. 144; Farnsworth v. Farnsworth, 5 Atl. 401; Forree v. Forree, 7 Ohio L. J. 302; Murphy v. Murphy, 7 Ohio L. J. 303; Nichols v. Nichols, 8 Ohio L. J. 88; Tiberghein v. Tiberghein, 8 Ohio L. J. 89; 1 N. M. 198; Fellows v. Fellows, 8 N. M. 160; Davis v. Davis, 37 N. H. 191.

Appellee's Brief In Support Of Motion For Suit Money.

ELY & WATSON, Attorneys for Appellee.

Power of appellate court to grant suit money. 14 Cyc. 745. Holcomb v. Holcomb, 48 Wash, 498, 95 Pac. 1091; Session Laws 1901, Ch. 62, Sec. 27; Session Laws 1907, Ch. 57, Secs. 38, 39; Constitution, Art. VI, Sec. 3; Sullivan v. Gallagher, 65 Wash. 310, 118 Pac. 4; Lake v. Lake, 17 Nev. 230, 30 Pac. 878; Prine v. Prine, 36 Fla. 676, 34 L. R. A. 87; Mosher v. Mosher, 16 N. D. 269, 113 N. W. 99-101; Pleyte v. Pleyte, 15 Colo. 125; 25 Pac. 25.

Jurisdiction of Court to grant motion. Mercer v. Mercer, 19 Colo. App. 51, 73 Pac. 662; Vanduzer v. Vanduzer, 70 Iowa 614, 31 N. W. 956; Day v. Day, 84 Iowa 221, 50 N. W. 979; Shore v. Shore, 133 Iowa 22, 110 N. W. 16; Lewis vs. Lewis, 138 Iowa, 593, 116 N. W. 698; Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766; Van Voorhis v. Van Voorhis, 90 Mich. 276, 51 N. W. 281; Pollock v. Pollock, 7 S. D. 331, 64 N. W. 165; Wells v. Wells, 26 S. D. 70, 127 N. W. 636; Duxstad v. Duxstad, 16 Wyo. 296, 132 Pac. 1170.

## OPINION.

HANNA, J.—This is an application, by appellee, to this court in a divorce court proceeding for suit money and attorney fees. The Application presents the question of the power of this court to grant alimony, suit money and attorney's fees pending an appeal of a divorce proceeding in this court.

A showing is made by affidavit of appellee that the trial court granted her a divorce and the custody of two minor children with permanent alimony in the sum of fifteen dollars per month, attorney's fees in the sum of seventy-five

dollars, which sums have not been paid but have been avoided by filing a supersedeas bond; that appellee is dependent for her support, and that of her minor children, upon her income of forty-five dollars per month, and that it is necessary, in order that she be properly represented in this court, that some reasonable allowance be made her for suit money and attorney's fees as her income is barely sufficient to provide her with the necessities of life. It is further shown that appellant is earning the sum of thirty dollars per month and his board and is steadily employed.

It is to be conceded that this court is without statutory authority to make the allowance prayed for and unless the power so to do is an inherent one this court must reject the application. We believe that the weight of authority supports the view that appellate courts possess inherent 1 power to allow alimony, suit money and attorney fees pending an appeal, and may make such allowance as the circumstances warrant. Nelson on Div. & Sep. Sec. 863; Lake vs. Lake, (Nev.) 30 Pac. 878; Duxstad vs. Duxstad (Wyo.) 94 Pac. 463, 15 A. & E. 228; (See note Pleyte vs. Pleyte, 15 Colo. 125, 25 Pac. 25; Lane vs. Lane, (D. C.) 6 A. & E. Ann. Cas. 683; Prine vs. Prine, (Fla.) 34 L. R. A., 87, 18 So. 781; Vanduzer vs. Vanduzer, 70 Iowa 614; 31 N. W. 956; Wagner vs. Wagner, 36 Minn. 239, 30 N. W. 766; Cast vs. Cast, 1 Utah 128; Disborough vs. Disborough, 51 N. J. Eq. 306; Drake vs. Drake, 21 S. D., 182; Phillips vs. Phillips 27 Wis. 252; Hall vs. Hall (Miss. 27 So. 636; Mosher vs. Mosher, (N. D.) 12 R. A. (N. S. 820; See note to Roby vs. Roby, 3 A. & E. Ann. Cas. 50.

The opposing view as to the power of appellate courts, in this respect is, generally speaking, based upon the ground that the exercise of such power is the assumption of original jurisdiction usually withheld by constitutional and statutory provisions. Our view of the matter being that the power is inherent in the appellate court and necessary by reason of the nature of the case for the protection of wives, who might otherwise find it impossible to be represented before this court, we cannot agree with the minority rule.

For the reasons indicated we order that appellant be directed and he is hereby directed to pay to appellee, or her attorney of record, the sum of fifty dollars as attorney's fees within twenty days from the service of this order upon him, otherwise this appeal to stand dismissed, and, It Is So Ordered.

### SYLLABUS BY THE COURT.

