[No. 2509.    July 20, 1921.]

## CASSAN v. CASSAN.

### SYLLABUS BY THE COURT.

1.    Section 2778, Code 1915, authorizes district courts to award to the wife, in divorce actions, reasonable alimony, in installments or lump sums, independent of which spouse may have been the guilty party, and the action of the court thereunder can be reviewed for abuse of discretion only.    P. 257

2.    Findings supported by substantial evidence will not be disturbed on appeal.                                                    P. 258.

Appeal from District Court, Colfax County; Leib, Judge.

Action for divorce by Dominick Cassan against Jessie Cassan. From a judgment for plaintiff but allowing defendant alimony, he appeals, and defendant cross-appeals. Affirmed.

Morrow, Merriau & Sadler, of Raton, for appellant.

J. Leahy, of Raton, for appellee.

### OPINION OF THE COURT.

PARKER, J. This is an appeal from the district court for Colfax county. The action was brought by Dominick Cassan, the appellant and cross-appellee, against Jessie Cassan for divorce. The complaint alleged that the appellee abandoned and deserted the appellant, that she is addicted to the use of intoxicating liquors to excess, and that she has refused to maintain the relations of wife to the appellant. The answer denied the material allegations of the complaint and by way of cross-complaint alleged that appellant failed to properly clothe and support appellee; that he compelled her to perform manual labor on the ranch of the parties hereto; that he ordered her to leave their home; and that he was constantly filthy and unclean in his person. It was also alleged that the appellee was without property or funds for her support. Issue was made upon the allegations of the cross-complaint, and decree was entered in favor of appellant, dissolving the bonds of matrimony and ordering the appellant to pay $1,350 to appellee "as permanent or lump sum alimony."

[1] The only proposition advanced by appellant on this appeal concerns the right of the trial court to find the issues of fact in favor of the appellant and at the same time compel him to pay "permanent or lump sum alimony," the appellant contending that alimony cannot be granted to the guilty spouse.

Regardless of precedent in other jurisdictions, the solution of the proposition depends solely upon a construction of section 2778, Code 1915, which provides:

."In any suit for the dissolution of the bonds of matrimony, division of property, disposition of the children, or for alimony, the court  *  *  *  may make and enforce  *  *  * such order to restrain the use or disposition of the property of either party, or for the control of the children, or to provide for the support of the wife during the pendency of the suit, as in its or his discretion may seem just and proper; and to make such order, relative to the expenses of the suit, as will insure the wife an efficient preparation and presentation of her case; and, on final hearing, may allow the wife **such a reasonable portion of the husband's separate property, or such a reasonable sum of money to be paid by the husband, either in a single sum, or in installments, as alimony, as under the circumstances of the case may seem just and proper.**  *  *  *"

This section, and particularly that part in bold type, constitutes a clear and unequivocal grant of power to district courts to award to the wife, in divorce actions, reasonable alimony, in installments or lump sums, independent of which spouse may have been the guilty party. The power is limited only to the grant of a "reasonable sum" as that factor is influenced by the circumstances of the particular case. It is obvious that on appeal the only matter for review is whether the trial court abused its discretion in fixing the amount of the award under the circumstances of the case. To find in the affirmative it would be necessary to hold that the amount fixed by the trial court, under the circumstances was contrary to reason, or exceeds the bounds of reason. Independent Steel & Wire Co. v. N. M. Central R. Co., 25 N. M. 160, 178 Pac. 842. The circumstances of the case at bar disclose no basis for so holding.

[2] Appellee and cross-appellant assigns seven errors, of which six constitute an attack on the findings made by the trial court. The findings are

supported by substantial evidence, and consequently will not be disturbed on appeal, a proposition so often laid down in this court that citation of authority therefor is unnecessary. One assignment urges that the trial court erred in refusing to consider appellee's proffered findings of fact and conclusions of law. It appears that the proposed findings and conclusions were tendered to the court before rendition of its final decree; that the trial court took the cause under advisement and rendered a judgment containing findings inconsistent with those tendered by the appellee. It is immaterial that the trial court refused to consider the requested findings of appellee, those findings being inconsistent with the facts as found by the trial court. The entry of the decree containing findings contrary to those requested by appellee constituted an overruling of the proposed findings tendered by appellee.

For the reasons cited, the judgment of the trial court will be affirmed as to the appeal and cross-appeal; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.