177 P.2d 167

**BARDIN v. BARDIN.**

No. 4969.

Supreme Court of New Mexico.
Jan. 29, 1947.

Rehearing Denied Feb. 24, 1947.

Wm. J. Eaton, of Socorro, for appellant.

Claron E. Waggoner, of Socorro, for appellee.

McGHEE, Justice.

This is an appeal from a decree entered in a suit for divorce in the district court, in which it was held that certain property hereinafter described was community property of the parties and in which one-half of the appellant's share thereof was awarded to appellee as alimony.

The property consisted of 622 acres of land, household goods, cattle, chickens and an old automobile, all of the value of $3,200. Entry was made on the land and patent obtained during the marriage relation. The filing fee and the cost of the improvements came out of appellant's pension received as a Spanish American War veteran. The attorneys for the parties agreed at the close of the trial that the personalty was community property and the evidence supports such agreement.

The case was heard and decided in the trial court September 19, 1945, and on October 5 following appellant filed a motion asking that the case be reopened for the taking of further testimony showing appellee had been in possession of more money than she testified. The motion was heard November 7, 1945, and denied, and decree was thereupon entered the same day. On November 14, 1945, new counsel appeared for appellant and filed a motion for a new trial asking that the same witness named in the previous motion be heard, and also claiming the court had erred in finding all of the property to be community property and in awarding the alimony.

In the pleadings each of the parties claimed all of the property to be their separate estate and appellee, who initiated the action, did not ask for alimony.

The appellant claims the trial court committed the following errors:

1. In refusing to grant his motion filed October 5 to produce additional testimony, and in refusing to grant that part of his motion filed November 14 to introduce substantially the same testimony.

2. In holding the property of the parties to be community property.

4

3. In awarding alimony when it had not been asked in the complaint.

4. That the awarding of alimony is a violation of the due process clause of the state and federal constitution. Const. Art. 2, § 18; U.S.Const. Amend. 14.

The reopening of the case was a matter resting in the sound discretion of the trial judge, and we do not believe that he abused such discretion.

The homestead having been entered and patented during the existence of the marriage relationship was community property. Citizens' Nat. Bank of Albuquerque v. Ruley, 29 N.M. 662, 226 P. 416; McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250.

The appellant did not state amount expended by him out of his claimed separate funds for filing fees and improvements, so we cannot give him credit therefor.

The appellant allowed appellee to testify without objection that she was old, sick, unable to work, and destitute. This was admissible only on the question of alimony and appellant thereby waived the failure to plead it, and the trial court, following the well-established rule of this court, treated the pleadings as amended.

The testimony shows the parties were married in the Philippines in 1909 where appellant was a soldier in the United States Army; he lost or spent her inheritance of 10,000 pesos ($5,000 in our money) before bringing her, a Filipino, to this country in 1932, and then in 1945, when she was old, sick and unable to work, drove her from his home. He has a pension of $75 per month, is entitled to medical and hospital care from the government, and we feel he has no cause for complaint for this award of $800 in alimony.

Appellant's claim that the allowance of alimony violates the due process clause of the state and federal constitutions does not meet with favor. It is provided for by statute, Sec. 25-706, 1941 Comp., and has been directly approved by this court. See Cassan v. Cassan, 27 N.M. 256, 199 P. 1010; Golden v. Golden, 41 N.M. 356, 68 P.2d 928.

The judgment of the trial court will be affirmed and the cause remanded to the District Court with instructions to render judgment against the sureties on the supersedeas bond and to enforce its decree, and it is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and LUJAN, JJ., concur.