328 P.2d 595

Floyd B. REDMAN, Plaintiff-Appellant,

v.

Gomecinda Gonzales REDMAN, Defendant-Appellee.

No. 6407.

Supreme Court of New Mexico.

Aug. 6, 1958.

Emmett C. Hart, Tucumcari, for appellant.

Rowley, Breen & Bowen, Tucumcari, for appellee.

McGHEE, Justice.

The sole question for determination here is whether the trial court erred in awarding the appellee the sum of $2,500 in alimony, payable in monthly installments of $125 when he granted her a divorce from appellant on her cross complaint.

The parties married in 1950 and were divorced in the latter part of 1957. They had lived separately for approximately six months between the time of marriage and divorce.

The appellant owned a tourist court in Tucumcari during their married life and operated it for all except six months of that time when it was rented to some one. During the time appellant operated the court the appellee did all of the work of renting cabins, maid and laundry work for the court, turning all of the proceeds over to appellant who would give the appellee money for necessaries from time to time.

At the time of the marriage the appellee was doing the maid and other work at the court for which she received $20 per week, and lived in a small home she owned in Tucumcari. On marriage her pay stopped, of course, and she moved into a room with appellant at the court where in addition to other duties she cooked the meals and discharged other wifely duties. During the time of her marriage she sold her home, receiving $500 therefor which she spent on herself.

The appellee claimed part of the property standing in the name of appellant was in fact community property but the court held against her on that point, finding that it was worth $40,000 but was in fact the separate property of the appellant. The record shows such property had greatly increased in value and that whatever money was made

from the operation of the tourist court was due in fact to the work of the appellee.

At the time of the trial appellee was making $30 per week as a waitress but after deductions were made she only had $26.26 per week take home pay out of which she had to pay $30 per month for rent. The court found she owned only a few items of personalty such as a bed, mattress, stove and a washing machine as her separate property.

The appellant strenuously contends the $30 per week salary provided ample funds for her support even after deductions and the payment of rent, and that therefore the court abused its discretion when it granted her any alimony, and even if she was entitled to some alimony the amount awarded was excessive.

Section 22–7–6, N.M.S.A., 1953, provides so far as material here:

"* * * the court * * * on final hearing, may allow the wife such a reasonable portion of the husband's separate property, or such a reasonable sum of money to be paid by the husband, either in a single sum, or in instalments, as alimony, as under the circumstances of the case may seem just and proper; and may modify and change any order in respect to alimony allowed the wife, whenever circumstances render such change proper; * * *"

As stated in Cassan v. Cassan, 1921, 27 N.M. 256, 199 P. 1010, this section constitutes a clear and unequivocal grant of power to district courts to award the wife, in divorce actions, reasonable alimony, in installments or lump sums, independent of which spouse may have been the guilty party. The power is limited only to the grant of a reasonable sum, as that factor is limited by the facts of the particular case. The court found in the case before us that under the circumstances of the case $2,500 was a reasonable sum to award as alimony.

It was also held in Cassan that on appeal the only matter for review was whether the trial court abused its discretion in fixing the amount of the award under the circumstances of the case.

We have carefully considered the findings of the trial court and the writer has read all of the testimony in the case, and we are of the opinion that under the circumstances the trial court did not abuse its discretion in the award it made.

We have considered all of the cases cited by the appellant in his brief but they have not convinced us we should reverse the judgment rendered.

The judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and SHILLINGLAW, JJ., concur.