356 P.2d 231

Isabel D. JONES, Plaintiff-Appellant,

v.

Guy E. JONES, Defendant-Appellee.

No. 6625.

Supreme Court of New Mexico.

Sept. 16, 1960.

Rehearing Denied Nov. 16, 1960.

416

F. L. Nohl, Albuquerque, for appellant.

Zinn Law Offices, Dean S. Zinn, Santa Fe, for appellee.

MOISE, Justice.

Plaintiff-appellant and defendant-appellee were married in May, 1945, and separated in August, 1957. Defendant was 41 years old and had been married before and divorced, and plaintiff was 19 years old. They have two sons. At the time of the marriage defendant had separate personal property worth $30,000 as found by the trial court, and, in addition, he had certain real estate which is not at issue here. His principal asset was a business now known as Jones Mercantile Company, and into which his other assets have now been absorbed. Both plaintiff and defendant worked in the business during all the years of the marriage.

The court in its findings itemized the personal property owned at the time of the marriage. These items total $25,705 and not $30,000. This difference would not be material except that the court in

a later finding set aside to defendant as separate property an additional amount of $6,000, being the amount of an inheritance from his mother.

The evidence is clear that this inheritance was received in 1944 before the parties were married. There is no substantial evidence to the contrary. It is clear that it was part of the property owned by defendant when he married, and probably explains, at least in part, the difference between the total of $25,705 and $30,000 mentioned above.

The first error complained of by plaintiff is the crediting of the $6,000 inheritance as separate property in the final computation, as well as its asserted inclusion as part of the $30,000 property owned by defendant when he married. In this we believe she is correct and the figures found by the court should be adjusted accordingly.

The trial court arrived at the value of the community interest by taking a figure representing the total value of the property of defendant at the date of the hearing ($103,609), from which he deducted the value of the separate property owned by defendant when the parties married, together with rents, issues and profits thereof ($41,600, which erroneously included the $6,000 inheritance referred to above), to which he added expenditures from income made for the exclusive bene-

fit of the separate estate of defendant ($22,675). The figure thus arrived at was $84,684. To this figure should be added the $6,000 erroneously deducted, making the figure $90,684.

Defendant complains of the figures utilized by the court in its findings but except as to the $6,000, we find them supported by substantial evidence. That findings of fact supported by substantial evidence will not be disturbed on appeal has been stated so often by this court as to require no citation of authority.

The next step taken by the court in arriving at plaintiff's share of the property is objected to as not supported by substantial evidence. The trial judge next determined that this balance ($84,684) should be divided $\%_{10}$ to the community and $\%_{10}$ to the separate estate.

This was arrived at by attributing $\%_{10}\%$ of the gain arbitrarily to work, labor and effort of the defendant and $\%_{10}$ to the work, labor and effort of the plaintiff, and then deciding that the balance of $\%_{10}$ was gain on the separate investment of defendant. The community share thus arrived at was divided equally between the parties.

The problem of deciding how to divide property between separate and community estates was considered at some length by this court in Katson v. Katson, 43 N.M. 214, 89 P.2d 524. That case involved an interest in a restaurant owned by the husband when the parties married. As is true here, the husband there worked full time in the restaurant, and at least part of the increase in value resulted from his effort, labor and skill which was held to belong unquestionably to the community. The court further held that it did not necessarily follow that the share properly attributable to the community effort, labor and skill, and that attributable to rents, issues and profits of the separate property could not be separated. In that case the husband was paid a salary, and it was determined that in the absence of proof to the contrary it would be assumed that the amount paid as salary fairly represented the value of his labor, or community property, and that any increase in the value of the business represented profits out of the business, or separate property.

In Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010, 1019, a similar problem was presented in a case involving division of property where farms which were separate property of the wife were operated by the husband during marriage. The court concluded that a method of apportioning between community and separate was just as possible in the case of real estate as in the case of a restaurant and that " * * * the owner of the land was entitled to its rental value either in cash or in the proceeds of crops sold from

it; (b) that the community was entitled to the balance of the income produced from the lands by the labor, skill, and management of the parties."

This rule was followed in McElyea v. McElyea, 49 N.M. 322, 163 P.2d 635, where the rule announced in Laughlin v. Laughlin, supra, was held to be applicable where the farm was the separate property of the husband.

In the instant case our problem differs only in that neither defendant nor plaintiff drew any salaries from the business so as to make it possible to resolve the case as was done in Katson v. Katson, supra, nor is there any basis for computing rental value as was done in Laughlin v. Laughlin, supra.

This does not mean that there was no method available to the court or that it was proper for it to evolve a formula without any basis in the evidence.

In Laughlin v. Laughlin, supra, the following was quoted with approval from the California case of Pereira v. Pereira, 156 Cal. 1, 103 P. 488, 23 L.R.A.,N.S., 880, 134 Am.St.Rep. 107:

"This capital was undoubtedly his separate estate. The fund remained in the business after marriage and was used by him in carrying it on. The separate property should have been credited with some amount as profit on this capital. It was not a losing business, but a very profitable one. It is true that it is very clearly shown that the principal part of the large income was due to the personal character, energy, ability, and capacity of the husband. This share of the earnings was, of course, community property; but without capital he could not have carried on the business. In the absence of circumstances showing a different result, it is to be presumed that some of the profits were justly due to the capital invested. There is nothing to show that all of it was due to defendant's efforts alone. The probable contribution of the capital to the income should have been determined from all the circumstances of the case, and, as the business was profitable, it would amount at least to the usual interest on a long investment well secured."

■ We would point out that $\frac{4}{10}$ of the total increase during the marriage of $84,684 amounts to $33,873.60. This amount the court attributed to profit on the separate investment of $30,000. Distributing this increase over a period of 12 years during which the marriage existed, it is found that the annual increase was $2,822.80, or 9.4% per year.

If this total figure is increased to $90,684, as it should be, application of the formula of the trial court would make the separate share $36,273.60. The annual re-

turn would be $3,022.80, or exactly 10% per year.

Without some evidence to support this amount of annual return as "usual interest on a long investment well secured" or under some other proper theory, we must hold that this determination by the court must be reversed. Concerning the various methods of treating profits of separate interprises as separate or community, see Note in 29 A.L.R.2d 530.

Since the determination made by the court was not supported by substantial evidence, we are constrained to remand the case to the trial court with instructions to reopen the case so that evidence can be presented on the issue of reasonable return on the separate property, either as a well secured long term investment, or utilizing such other formula as may be proper and to modify its determination in accordance therewith. This is the procedure followed in McElyea v. McElyea, supra.

■ Plaintiff also complains of the failure of the court to include substantial good will or going concern value in arriving at a figure as to total value of property to be divided. Without deciding whether or not in a proper case good will should be included in arriving at value, it is sufficient answer to the contention that here there is no substantial proof which would support any finding of any good will value. True, plaintiff presented a witness who expressed some opinions, while at the same time disavowing any particular knowledge or any claim to being an expert. Under the circumstances, the court acted properly in not accepting this testimony as controlling.

Plaintiff asserts that the court abused its discretion in its allowance of alimony and its order concerning support money. The plaintiff was awarded alimony of $75 per month for one year. The parties were granted joint custody of the children; however, they were to live with plaintiff, and she was granted $200 per month for child support, plus medical expenses and the use of a two-cabin apartment and the furniture contained therein.

■ Plaintiff was 31 years old, able bodied and capable of working as she had done before and during her married life. The trial court had power to grant alimony in a "reasonable sum" (§ 22-7-6, N.M.S.A.1953), and on appeal we examine only to determine if the trial court abused its discretion in fixing an amount which was contrary to all reason. Cassan v. Cassan, 27 N.M. 256, 199 P. 1010. Just as in Redman v. Redman, 64 N.M. 339, 328 P.2d 595, we could not say that $125 per month for 20 months was so much as to amount to an abuse of discretion, we are not able to say in the instant case that $75 for 12 months is so little as to be an abuse of discretion.

With reference to the support money and orders concerning the children the complaint is to the effect that the court has indirectly made it impossible for plaintiff to leave Chama, a small town where she can't find employment, on pain of forfeiting her custody of the children. This results from the fact that $200 per month is assertedly too little to maintain two growing boys, and if she had to pay rent for a place to live she could not make both ends meet. In addition, the court has directed that both parties have joint custody, but that the children live with plaintiff in Chama.

▮ It is apparent from the court's remarks at the close of the hearing that his order concerning joint custody, and requiring that the children remain in Chama, was to permit them to have their father's care and direction as well as their mother's and that the children's welfare was uppermost in his mind. This was the primary concern of the trial court, as it should be. Edington v. Edington, 50 N.M. 349, 176 P.2d 915. Also, although, to our minds placing restraints upon a person's free movements is a questionable practice generally, nevertheless where a court in its discretion and in the best interests of the children concludes, that they should be reared where guidance can be had from the father while living with the mother, we can not reverse unless the conclusion is a manifest abuse of discretion under the evidence in the case. Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125. See also Ward v. Ward, 150 Cal.App.2d 438, 309 P.2d 965.

We do not find either in the amount fixed as support money, or the orders made concerning custody, such an abuse as would require reversing the lower court.

One additional matter remains to be noticed. It is the motion filed by plaintiff for an award of attorney fees for handling this appeal. The pertinent statute is § 22-7-6, N.M.S.A.1953, which provides that the court has power to "make such order, relative to the expenses of the suit, as will insure the wife an efficient preparation and presentation of her case; * *." It was held in Lord v. Lord, 37 N.M. 454, 24 P.2d 292, that although this statute did not expressly cover a situation such as this, nevertheless, it did in fact cover it "in spirit," and we there applied it to allow attorney fees on appeal.

▮ We also held, as long ago as Taylor v. Taylor, 19 N.M. 383, 142 P. 1129, L.R.A.1915A, 1044, that we had inherent power to make such an allowance. In the light of this rule we believe there should be an allowance of counsel fees on appeal of $750 for plaintiff's attorney taxed as costs to defendant.

The cause is reversed with instructions to the trial court to reopen the same and give credit of $6,000 erroneously deducted as separate property acquired after mar-

riage, and to determine the proportion of the total property accumulated since marriage properly attributable to the community and to the separate estates, and dividing the community property between the parties, permitting the introduction of such new evidence on this issue as the parties may be advised. Otherwise, the judgment and decree is affirmed, attorney fees in the amount of $750 and costs of appeal to be taxed against appellee.

It is so ordered.

COMPTON, C. J., CARMODY, J., SAMUEL Z. MONTOYA, D. J., concur.

CHAVEZ and NOBLE, JJ., not participating.