365 P.2d 439

Earl Robert ADKINS, Jr., Plaintiff-Appellee,

v.

Carolyn Maidell ADKINS,
Defendant-Appellant.

No. 6868.

Supreme Court of New Mexico.

Oct. 13, 1961.

Adams, Foley & Calkins, Albuquerque,
for appellant.

R. F. Deacon Arledge, Charles Driscoll,
Albuquerque, for appellee.

MOISE, Justice.

Plaintiff-appellee and defendant-appellant were married in 1946 and lived together as husband and wife until they separated in 1958. Thereafter, on February 12, 1959, they entered into a separation agreement.

**194**

This agreement contains the following recitals:

"Whereas, The said husband and wife hereby mutually agree to separate and live apart from each other during the remainder of their matrimonial obligation, unless they should mutually agree to vacate this agreement; and

"Whereas, The husband on his part and the wife on her part recognize the equitable nature of the terms of this agreement, and each is willing to be bound by the covenant herein; and

"Whereas, The parties hereto desire to settle various questions of common interest to each other, and to adjust their respective property rights and to remove these subjects from the field of controversy; * * *"

which was followed by various provisions dealing with the disposition of property acquired by the parties, and the following provisions material to decision of this appeal, which we accordingly quote in full:

"5. (a) The husband agrees to pay the sum of Five Hundred ($500.) Dollars to his wife upon the execution of this agreement, the receipt whereof is acknowledge__ by said wife; and

"(b) The husband further agrees to pay the sum of Two-Hundred-sixty ($260.) Dollars for the support and maintenance of said wife each month, the first due and payable on or before ,

the 10th day of March 1959, with a like amount due and payable on or before the 10th day of each succeeding month thereafter. Such payments shall be in the form of a military pay allotment, while the husband remains on active duty, and shall be forwarded to the Main Branch of The Bank of New Mexico, Albuquerque, New Mexico for the credit to the account of said wife unless she designates another address in writing to which said payments shall be forwarded.

"(c) In the event, however, that the husband does not remain on active duty, whether of his own volition or through compulsory retirement, then and in that case, the monthly payments called for under sub-paragraph (b) above, shall be adjusted, commensurate with an increase or decrease in his yearly income and the final determination of the amount earned to be based upon his federal income tax return.

\* \* \* \* \* \*

"14. Neither husband nor wife will institute an action for divorce or any other legal proceedings designed to obtain a decree in divorce for a period of two years from date of signing this agreement. * * *"

On February 23, 1960, only some 12 months after execution of the agreement, appellee commenced this action in which he sought nothing except a decree of divorce.

Appellant answered and filed a cross-complaint in which is found the following allegation:

"That cross defendant is an able bodied male, a captain in the United States Air Force, and his present earning capacity is in excess of $800.00 per month and is well able to pay cross plaintiff's counsel attorneys' fees and a reasonable sum of alimony to cross plaintiff, as provided in the agreement of separation of February 12, 1959, paragraph 5, sub-section (b), wherein cross defendant agreed to pay unto the cross plaintiff the sum of $260.00 monthly for her support and maintenance in the form of a military pay allotment for as long as cross defendant remains on active military duty, which the cross plaintiff requests the court to approve, adopt and confirm as being a fair and equitable payment for the maintenance and support of cross plaintiff."

and prayers for relief as follows:

"1. Dissolving the marriage of the parties.

"2. Dividing the community property of the parties in accordance with the law and decisions of the state of New Mexico.

"3. Directing cross defendant to pay cross plaintiff alimony in accordance with the agreement of separation dated February 12, 1959 and for cross plaintiff's counsel fees and costs in this case.

"4. For such other and further relief as the court may deem just and proper in the premises."

After trial before the court a decree was entered on July 13, 1960, granting appellant a divorce from appellee on her cross-complaint and among other things ordering appellee to make $260 monthly payments by way of a military allotment for six months commencing on August 1, 1960, and no more.

Appellant, in her appeal, complains that the trial court was bound by the provisions of the separation agreement and erred in failing to incorporate the agreement in its decree and in not basing the decree on the contract provisions, and in her second point asserts that the court abused its discretion in failing to award alimony.

The pertinent inquiry before the court is stated by appellant to be "whether the $260.00 per month payments provided by the contract, constituted installment payments in lieu of alimony, or monthly payments which form part of the constitution of an agreement settling appellant's and appellee's property rights."

■ The trial court in the instant case found that appellant was not entitled to alimony, but on the contrary, should receive $260 per month until two years from the

date of execution of the contract had passed. It would be our view that the contract was subject to this construction. The appellant argues that it provides otherwise, but when it is read as a separation agreement with no mention of divorce beyond the provision that neither will file suit therefor for two years, it is certainly not unreasonable to conclude that the contract was only intended to cover the period of separation, which should be not less than two years, and did not purport to cover the situation which would arise if a divorce were sought. In this connection, appellant concedes that questions relating to construction, operation and effect of separation agreements are, ordinarily, controlled by rules applicable to contracts generally. Compare Girard v. Girard, 29 N.M. 189, 221 P. 801, 35 A.L.R. 1493.

Appellant's position is to the effect that the parties having contracted for the purpose of settling and adjusting all property rights, the provisions of Section 5(b) concerning the monthly payments became an integral and inseparable part of the agreement, and the trial court was bound thereby and required to incorporate the same in the divorce decree. In connection with her argument appellant is faced with the decisions of this court in Ferret v. Ferret, 55 N.M. 565, 237 P.2d 594, which she discusses in her brief, and in Scanlon v. Scanlon, 60 N.M. 43, 287 P.2d 238, which neither party mentions.

■ Although appellant attempts valiantly to distinguish the instant case from Ferret v. Ferret, supra, we find ourselves unable to agree that the various differences pointed out in her brief are in any sense material. It is our considered view that the holding in that case should be applied in the instant appeal. Just as the court there found it "difficult to avoid the conclusion that the payments are in fact as for alimony and so intended to be," here it seems equally hard to escape a determination that the payments of $260 per month were clearly in the nature of support money during the period the parties were separated.

We feel that we are borne out in this conclusion by what was said in Scanlon v. Scanlon, supra. Admittedly, again, there are differences in the terms of the contract being considered in that case and those being passed upon here. However, in that case the court discusses at length certain circumstances under which the court would be justified in concluding that a monthly payment provision was intended as a part of the property settlement, and when it would decide that the payments were in lieu of alimony. It would serve no useful purpose to again review these authorities, beyond mentioning that Dexter v. Dexter, 42 Cal.2d 36, 265 P.2d 873, and Flynn v. Flynn, 42 Cal.2d 55, 265 P.2d 865, relied on by appellant, are both noted therein and discussed. We find nothing in the contract

here which demands a different result from the one reached in Scanlon v. Scanlon, supra.

█ As already indicated, we find no error in the trial court's interpretation of the contract. However, in any event, appellant has no cause for complaint as the same result would have followed under the rule of Ferret v. Ferret and Scanlon v. Scanlon, both discussed supra. Furthermore, appellant herself considered the payments to be in the nature of alimony as witness her cross-complaint quoted above. She should not now be permitted to assert otherwise. Fischer v. Rakagis, 59 N.M. 463, 286 P.2d 312.

█ Concerning appellant's second point, we think it should be sufficient to cite Jones v. Jones, 67 N.M. 415, 356 P.2d 231, in which we held that a trial court's decision concerning alimony would be examined on appeal only to determine if the court had abused its discretion in making its determination. Under the facts here present which we need not recount, ▲we find no abuse of discretion.

From the foregoing it follows that there is no error present, and the decree appealed from should be affirmed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.