369 P.2d 398

Lassella M. FITZGERALD, Plaintiff-
Appellee and Cross-Appellant

v.

Leslie M. FITZGERALD, Defendant-
Appellant and Cross-Appellee.

No. 6963.

Supreme Court of New Mexico.

Feb. 28, 1962.

**12**

Edwin L. Felter, Santa Fe, for appellant.

J. H. Burttram, Santa Fe, for appellee.

NOBLE, Justice.

This appeal is from the division of community property and an award of alimony to the wife in a divorce action. The wife has cross-appealed from the property division and the refusal to grant her attorneys fees.

The division of community property is challenged by appellant on the ground that item values of the community property used as a basis for the division of the property are based upon speculation and conjecture and are not supported by substantial evidence. This court has repeatedly held that findings may not rest upon mere speculation and conjecture. Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220; Southern Union Gas Co. v. Cantrell, 56 N.M. 184, 241 P.2d 1209. Expert testimony founded upon mere surmise, guess or conjecture is not substantial to support a finding of fact. Citizens Finance Co. v. Cole, 47 N.M. 73, 134 P.2d 550; White v. Valley Land Co., 64 N.M. 9, 322 P.2d 707.

Specifically, it is contended that the trial court necessarily arrived at its item values of the community property from the testimony of R. C. Stephens. Appellant asserts that the testimony of the witness lacks substantial character to support the findings of values and is based upon mere conjecture and speculation because he had only appraised one piece of real estate in Pecos within the past year and only three or four within a three-to five-year period; that he

could not recall prices for which specific real estate sales had been made in the immediate area; and, that in answer to a specific question as to whether his estimate of the values was based upon a guess, he answered: "any appraisal is a guess."

Under well-established principles, we will view the evidence in an aspect most favorable to the judgment. Southern Union Gas Co. v. Cantrell, supra; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264. And, we will not disturb a finding, supported by substantial evidence, nor will we weigh conflicting evidence. Baker v. Storie, 67 N.M. 27, 350 P.2d 1039; Maryland Cas. Co. v. Jolly, 67 N.M. 101, 352 P.2d 1013; Jones v. Jones, 67 N.M. 415, 356 P.2d 231; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511; Luna v. Flores, 64 N.M. 312, 328 P.2d 82.

We have carefully reviewed the evidence. The witness Stephens testified that he has been engaged in the real estate and insurance business in Las Vegas, New Mexico for many years, and has been an appraiser for the First Federal Savings & Loan Association of Las Vegas for six or seven years. The area of his real estate business and appraisals includes Pecos, New Mexico where the property in question is located. He testified that his opinion as to values was based upon his experience in the real estate business and as an appraiser; the appraisals he had made in the immediate area; the fact that this property is located in a recreational area; and, his knowledge of sales in adjacent areas. He personally inspected these properties and testified that the Building & Loan Association for which he appraised made loans up to 70% of his appraisals. As we view his testimony, it was not based upon mere surmise, guess, speculation or conjecture. Appellant argues that the trial court should have based its findings of values upon the testimony of a witness produced by appellant whom they say was better qualified. Appellant's contention goes rather to the weight to be given to the tesitmony and to the credibility of the witness and these are to be determined by the trier of the facts, not by an appellate court. Galloway v. White, 64 N.M. 470, 330 P.2d 553. We conclude that the evidence substantially supports the findings of value. Fulwiler v. Traders & General Ins. Co., 59 N.M. 366, 285 P.2d 140.

Appellant argues that a wife who voluntarily leaves a proper home is not entitled to alimony as a matter of law. The answer to that contention is supplied by § 22-7-6, N.M.S.A.1953, which provides so far as material here:

"* * * the court * * * on final hearing, may allow the wife such a reasonable portion of the husband's separate property, or such a reasonable sum of money to be paid by the hus-

band, either in a single sum, or in instalments, as alimony, as under the circumstances of the case may seem just and proper; and may modify and change any order in respect to alimony allowed the wife, whenever circumstances render such change proper; * * *"

and by our decisions in Cassan v. Cassan, 27 N.M. 256, 199 P. 1010; and Redman v. Redman, 64 N.M. 339, 328 P.2d 595 where it was held:

" * * * this section constitutes a clear and unequivocal grant of power to district courts to award the wife, in divorce actions, reasonable alimony, in installments or lump sums, independent of which spouse may have been the guilty party. The power is limited only to the grant of a reasonable sum, as that factor is limited by the facts of the particular case."

Appellee was 59 years of age, completely lacking in training or experience for most employment, and had some physical disability in the form of mild hypertension. She had done some clerical work for a short time, and once worked as a telephone operator before her marriage in 1920. Appellant was 60 years of age, a physician with an active practice from which he has grossed $18,000 to $20,000 per year in the past. In 1959, he had a net income of $14,500. He has become 50% disabled to practice his profession but earned $5,232 during the first nine months of 1960 even though prevented by illness from practicing during the first three and one-half months of that period.

The trial court had power to grant alimony in a "reasonable sum," and on appeal this court examines the evidence only to determine whether the trial court abused its discretion in fixing an amount which was contrary to all reason. Jones v. Jones, supra; Cassan v. Cassan, supra; Redman v. Redman, supra. From a review of the evidence, we are not able to say that in this case an award of $175 per month as alimony amounted to an abuse of discretion.

Both parties agree that the decree contains an obvious clerical error in the division of the community property. There was testimony that the value of the four-room house was $8,600 and the furniture and personal property therein $1,250, a total of $9,850. The court found the value of the house to be $9,850 and the contents $1,250. This property was awarded to appellee. It is agreed that in the division of the community property the amount of $1,250 was duplicated in making the award to appellee. This was an obvious clerical error and should be corrected.

By her cross-appeal appellee urges error in that she was awarded property having a value of less than one-half of the community property. The decree shows the

value of property awarded to her to be $48,543.90, but the error of $1,250, above pointed out, must be deducted from this, leaving the value of the property awarded to her as $47,293.90. The value of the property awarded to appellant was $53,168.50. Each party was awarded one-half of the kitchen utensils.

It is the duty of the court to divide equally the property of the community. Sands v. Sands, 48 N.M. 458, 152 P.2d 399; Beals v. Ares, 25 N.M. 459, 185 P. 780.

Finally, appellee (cross-appellant) complains that it was error to deny her attorneys fees. The trial court has authority to award the wife attorneys fees in a divorce action, but such award is discretionary with the court and will be reviewed only as to whether there has been an abuse of discretion. Jones v. Jones, supra; Redman v. Redman, supra; Cassan v. Cassan, supra. In view of the value of the property awarded the wife on division of the property and the alimony granted, we cannot say that the court abused its discretion in denying her attorneys fees.

Appellee has filed a motion for an award of attorneys fees for this appeal. On authority of Jones v. Jones, supra, we believe there should be an allowance to appellee of attorneys fees on appeal of $750 taxed as costs to appellant.

The judgment will be affirmed except as to the division of the community property. The cause will be remanded with instructions to correct the value of the four-room house and furniture therein, and to divide the community property equally between the parties, by an award of a portion thereof in money, if that be necessary to effect an equal division. Attorneys fees in the sum of $750 are to be taxed against appellant.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.