571 P.2d 407

Olga HAYNER, Petitioner-Appellant,

v.

W. F. HAYNER, Respondent-Appellee.

No. 11368.

Supreme Court of New Mexico.

Nov. 16, 1977.

Leroi Farlow, Albuquerque, for petition-er-appellant.

Martin, Martin & Lutz, James T. Martin, Jr., Las Cruces, for respondent-appellee.

## OPINION

FEDERICI, Justice.

A divorce action was filed in Dona Ana County in which two main questions have been presented on appeal. They are: (1) whether the trial court erred in the amount of temporary alimony ordered paid to appellant, and (2) whether the trial court erred in its division and apportionment of community property allegedly acquired by the parties during the ten years of their marriage.

With reference to the first question, the award of temporary alimony, the trial court found that appellant was forty-five years of age, in good health, a graduate registered nurse and able to carry out the duties of a registered nurse. The court ordered appellee to pay appellant as temporary alimony the sum of $1,500 per month for a period of six months in order to allow appellant to establish herself in her employment as a registered nurse and to adjust to the life of a single person. Appellant contends that the award did not take into consideration the lifestyle to which she had been accustomed during her marriage and also that she would to pass the Nursing Board examinations and even then, her earning capacity would only be around $700 per month.

An award of alimony is discretionary with the trial court and will not be disturbed on appeal, except for abuse of discretion or if the trial court acted contrary to all reason in fixing the amount. *Burnside v. Burnside*, 85 N.M. 517, 514 P.2d 36 (1973); *Sloan v. Sloan*, 77 N.M. 632, 426 P.2d 780 (1967); *Fitzgerald v. Fitzgerald*, 70 N.M. 11, 369 P.2d 398 (1962). There is substantial evidence in the record to sustain the trial court's findings and conclusions and we affirm the award of temporary alimony made by it.

With reference to the second question, the division and apportionment of community property, the only property over which there is a question concerns a valuable, productive farm which was at the time of the marriage and is now the separate property of the appellee (husband). During the course of the marriage, community loans were made with the farm as security. The parties lived well and there was no accumulation of community property to divide, unless the appellant acquired some interest in, or lien upon, or claim to allowances from the farm.

Appellant relies on *McElyea v. McElyea*, 49 N.M. 322, 163 P.2d 635 (1945) and *Laughlin v. Laughlin*, 49 N.M. 20, 155 P.2d 1010 (1944) to support her contention that the funds received from the sale of crops from the farm are in part community property. Appellant agrees that the owner of the land is entitled to its rental value either in cash or in profits of crops sold from it as his separate property, but contends that the community is entitled to the balance of the income from the lands, which allegedly resulted from the labor, skill and management of the parties.

In *Laughlin v. Laughlin, supra*, this Court stated that mathematical exactness is not expected in determining the community property rights of the spouses to the rents and profits from lands which are the separate property of one spouse. Justice can be accomplished by the exercise of reason based upon the facts in each particular case, including efforts expended by either or both of the parties to the farming operation; the payment of community mortgages, if any, placed upon the separate property; the net profits derived from the land and whether they have been applied upon improvements; the value of the labor, skill and management applied to the farming operation by the owner of the separate property; and the amount of income withdrawn by the parties for personal use. In arriving at such a determination, the Court in *Laughlin v. Laughlin* declared:

Two courses may be open; one, to determine the reasonable value of his labor and industry, the other to subtract the reasonable rental value from the actual income from produce. Whichever course were adopted, the result should approximate the community interest. How the family and other expenses should be apportioned would depend on the facts of each particular case. In cases where there have been small or no net profits or even losses in the aggregate, over a period of years, there should be no presumption that the losses were on the side of industry as compared with capital but the result should depend on the actual facts, as to the value and productiveness of the separate property as well as of the labor expended.

49 N.M. at 35, 155 P.2d at 1019.

In *McElyea v. McElyea, supra*, the Court confirms the rule announced in *Laughlin v. Laughlin, supra*, but in neither case did this Court hold that the only method of arriving at a division of separate and community interests in the "rents, issues and profits" of separate farm property was by way of "rental value" or "rents." We have no quarrel with the legal principles announced in those cases; however, each case must be decided on facts peculiar to it and the facts in the present case are different than those in *McElyea* or *Laughlin, supra*.

In the present case the court expressly found that the parties had expended more funds for living expenses and travel expenses during the marriage than the total sum of community income attributable to the husband's contribution of services. The record shows, and the trial court also found, that the parties expended large sums of money from the proceeds of the rents, issues and profits of the farm, and that the expenditure of funds by the community far exceeded the income from the farm, so that there was no community fund to divide.

Appellant relies upon the annual gross productivity from the crops to sustain her community interest, but the court made no finding as to gross proceeds. On the contrary, the court found that there were no net proceeds. Based upon the testimony of the appellee's accountant a schedule show-

ing net income from both community and separate sources was introduced. The testimony showed that withdrawals by the parties for their personal use exceeded the net income. In addition, the appellee had increased the loans against his separate property during the marriage, and when the separate income is also deducted, the end result is a substantial loss of income during the parties' marriage.

The facts in the case are somewhat complicated, and in some respects conflicting. Under all of the circumstances, it is for the trial court to determine what apportionment, if any, should be made. *Laughlin v. Laughlin, supra. See also Conley v. Quinn,* 66 N.M. 242, 346 P.2d 1030 (1959).

There is substantial evidence in the record to sustain the trial court's division and apportionment of the community property interests of the parties, and the judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.