This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LORRAINE POLLACK,**

    Petitioner-Appellee,

v.                                    **NO. 34,453**

**GABRIEL POLLACK,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

Lorraine Pollack
Albuquerque, NM

Pro Se Appellee

Gabriel Pollack
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Appellant-Respondent Gabriel Pollack (Husband), in a self-represented capacity, appeals from the district court's rulings relating to the division of the

community property and debt upon his divorce from Appellee-Petitioner Lorraine Pollack (Wife). [RP 213, 233, 235] Our notice proposed to affirm, and Husband filed a timely memorandum in opposition. We remain unpersuaded by Husband's arguments and therefore affirm.

{2}     In issue (a), Husband makes a number of arguments in support of his central contention that the district court's division of property was not equitable. [DS 3] Our notice perceived no basis upon which to conclude that the district court abused its discretion in the allocation of property, and provided detailed reasons in support of our view. *See generally Olivas v. Olivas*, 1989-NMCA-064, ¶ 20, 108 N.M. 814, 780 P.2d 640 (upholding a property valuation for purposes of making an equal division of property because it was supported by substantial evidence). Husband has not pointed out any additional facts or law to dispute the reasons set forth in our notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). For the reasons detailed in our notice, we affirm this issue.

{3}     In issue (b), Husband argues specifically that the district court did not properly value the sports memorabilia. [DS 3; MIO 2; RP 219] In his memorandum in opposition, Husband expresses his view that the "court overlooked the substantial

value associated with these assets" and argues that Wife should be required to return them to Husband. [MIO 2] We acknowledge Husband's particular frustration as extended to the sports memorabilia, but emphasize that matters relating to the division of property and its appropriate valuation was for the district court, as factfinder, to resolve. As we provided in our notice, we defer to the factfinder for the valuation of property and division of assets, and hold that there is no basis upon which to conclude that the district court abused its discretion. *See generally Fitzgerald v. Fitzgerald*, 1962-NMSC-028, ¶ 5, 70 N.M. 11, 369 P.2d 398 (providing that findings of value in the division of community property in a divorce action go to weight to be given to the testimony and is to be determined by the trier of the facts, not by an appellate court); *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact.").

{4}     For the reasons set forth above and in our notice, we affirm.

{5}     **IT IS SO ORDERED.**

_____
                                **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

3

_____

**LINDA M. VANZI, Judge**